IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

UNITED STATES OF AMERICA

VS.                                    CRIMINAL NO. 2:04-cr-16(DCB)(JMR)

EDWARD LEE HALL

ORDER

This cause is before the Court on the defendant Edward Lee Hall's "Petition for Writ of Error Coram Nobis and Title 28 U.S.C. Section 1651," which the clerk has docketed as a motion for hearing **(docket entry 37)**.  Having carefully considered the motion, and being fully advised as to the premises, the Court finds as follows:

The defendant, Edward Lee Hall, pled guilty on September 8, 2004, to one count of willfully failing to pay child support in violation of 18 U.S.C. § 228(a)(3).  Hall pled guilty pursuant to a written memorandum of understanding (MOU) in which he explicitly waived his right to appeal his conviction and sentence.  He also expressly waived his right to contest his conviction and sentence, or the manner in which the sentence was imposed, in any post-conviction proceeding.  MOU, ¶ 16.  On January 11, 2005, Hall was sentenced to 21 months imprisonment, to be followed by one year of supervised release.

On January 19, 2005, Hall filed a motion for reconsideration of his sentence.  In his motion, he admits that "the twenty-one month sentence was as lenient as the Federal Sentencing Guidelines

would allow at the time of sentencing," but argues that <u>U.S. v. Booker</u>, 125 S.Ct. 1738 (2005), decided January 12, 2005, one day after his sentence was imposed, allows the Court "to fashion a more appropriate sentence."  Motion to Reconsider Sentence, ¶¶ 2-3. Hall argues that he should be allowed to work and pay child support instead of serving a period of 21 months in confinement.  Motion to Reconsider Sentence, ¶ 3.

On January 26, 2005, Hall filed a notice of appeal to the Fifth Circuit Court of Appeals.  On March 7, 2005, this Court agreed to hear Hall's motion for reconsideration pending the outcome of his appeal.  (Order of March 7, 2005).  On appeal, Hall argued that his waiver of the right to appeal was not "knowingly and intelligently" made, because <u>Booker</u> had not yet been decided. Appellant's Brief, pp. 10, 13.  The government argued that Hall's waiver of his right to appeal was binding, notwithstanding <u>Booker</u>. Motion to Dismiss Appeal, p. 7.  <u>See</u> <u>United States v. Killgo</u>, 397 F.3d 628, 629 n.2 (8th Cir. 2005)("The fact that [defendant] did not anticipate the <u>Blakely</u> or <u>Booker</u> rulings does not place the issue outside the scope of his waiver."); <u>United States v. Broce</u>, 488 U.S. 563, 572 (1989)("a voluntary plea of guilty intelligently made in the light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise")(internal quotes and citation omitted).  On July 27, 2005, Hall's appeal was dismissed and his motion to remand the

case for resentencing or alternatively a new trial was denied. On August 4, 2005, Hall's counsel notified the Court that dismissal of the appeal resolved all issues pending before this Court. On August 25, Hall filed the present "Petition for Writ of Error Coram Nobis and Title 28 U.S.C. Section 1651" pro se. In this pleading, he seeks a hearing on his motion for reconsideration of sentence. Petition, p. 9.

Although the federal courts' authority to issue a writ of error coram nobis has been abolished in civil cases, Fed.R.Civ.P. 60(b), the remedy is still available in criminal cases under the All Writs Act, 28 U.S.C. § 1651(a). The writ of error coram nobis is an extraordinary remedy of last resort, available only in compelling circumstances where necessary to achieve justice. See United States v. Swindall, 107 F.3d 831, 834 (11th Cir. 1997). A court's jurisdiction over coram nobis petitions is limited to the review of errors "of the most fundamental character." United States v. Mayer, 235 U.S. 55, 69 (1914); see also Carlisle v. United States, 517 U.S. 416, 428-29 (1996)(citing Mayer for the applicable standard governing coram nobis petitions, and stating that it is difficult to conceive of a situation in a federal criminal case today in which coram nobis relief would be necessary or appropriate); Granville v. United States, 613 F.2d 125, 126 n.1 (5th Cir. 1980)(treating Mayer standard as controlling). Hall's argument, that his family would be better served by a sentence that

would enable him to work and provide child support, rather than a term of incarceration, is not compelling, and does not afford him any relief through writ of coram nobis or other means.  Thus, he is not entitled to resentencing or to a hearing on his previously filed motion to reconsider his sentence.  Accordingly,

IT IS HEREBY ORDERED that defendant Edward Lee Hall's "Petition for Writ of Error Coram Nobis and Title 28 U.S.C. Section 1651," which the clerk has docketed as a motion for hearing **(docket entry 37)** is DENIED;

FURTHER ORDERED that this Court's previous Order granting a hearing on the defendant's motion for reconsideration of sentence **(docket entry 35)** is VACATED, and the motion for reconsideration of sentence **(docket entry 29)** is DENIED.

SO ORDERED, this the   15th   day of February, 2006.

                                                   s/David Bramlette    
                                      UNITED STATES DISTRICT JUDGE